KNICKERBOCKER TRUST CO. et al. v. HOLDRIDGE et al.

(Supreme Court, Appellate Division, Third Department.  November 13, 1907.)

APPEAL—BONDS—VALIDITY.

An undertaking to stay a sale on foreclosure pending an appeal from an order denying a motion to compel the bringing in of persons named as defendants in the foreclosure suit is binding, though the sureties, when excepted to, failed to justify; Code Civ. Proc. §§ 1335, 1351, providing that, when the sureties on appeal are excepted to, they must justify, or the undertaking will be void, etc., referring only to security given to stay the execution of the judgment appealed from.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 2, Appeal and Error, § 2243.]

Appeal from Special Term, Otsego County.

Action by the Knickerbocker Trust Company, as trustee, and others, against Daniel M. Lounsbury and others.  From an interlocutory judgment sustaining a demurrer to the answer of certain of the defendants, they appeal.  Affirmed.

The following is the opinion of Gladding, J., in the court below:

In December, 1905, an action was pending between the Knickerbocker Trust Company, as plaintiff, and the Oneonta, Cooperstown & Richfield Springs Railway Company and others, as defendants, to foreclose a mortgage upon the property of the defendant railway company.  The defendants Lounsbury herein were also defendants in that action, and made a motion therein to compel the plaintiff to bring in certain other persons named as defendants therein. Their motion was denied, and they appealed to the Appellate Division from the order denying such motion.  The foreclosure action proceeded to judgment, and the referee appointed therein to sell had advertised to sell the property on February 27, 1907.  The defendants Lounsbury, in anticipation that a decision of the Appellate Division might not be rendered before the sale, "moved in said action before Hon. Charles E. Parker for an order staying the said referee from making said sale under said judgment pending the determination of said appeal from said order."  Mr. Justice Parker stayed the referee under said judgment from making the sale until March 13, 1906, upon the condition that the defendants Lounsbury should file an undertaking, with two sureties, conditioned that, if the order appealed from should be affirmed or the appeal dismissed, said defendants should pay the deficiency arising upon the operation of the railway by the receiver between February 27, 1906, and March 13, 1906.  Thereupon the undertaking set forth in the complaint, and upon which this action was brought, was signed and executed by the defendants Holdridge and White, and duly filed.  The sale by the referee was postponed until March 13, 1906, and the deficiency arising upon the operation of the railway by the receiver between the dates above mentioned amounted to $965.73, which the plaintiff seeks to recover in this action.

The defendants Holdridge and White have interposed an answer wherein they allege, as a separate defense to the action against them, that the plaintiff's attorneys in the foreclosure action duly excepted to the sufficiency of the sureties, Holdridge and White, in said undertaking, and that such sureties failed, neglected, and refused to justify, and the allowance of said undertaking was not obtained, and thereby the undertaking became null and void, and they released from all obligation thereon.  To this defense the plaintiff has demurred upon the ground that the same is insufficient in law upon the face thereof.  The defendants Holdridge and White base their claim that the exceptance to the sufficiency of the sureties and their failure to justify released them from liability, under sections 1335 and 1351 of the Code of Civil Procedure.

Section 1335 is contained in title 2, c. 12, of the Code, and relates to the giving of an undertaking by an appellant upon an appeal to the Court of Ap-

peals. It says: "It is not necessary that the undertaking should be approved," but the respondent may except to the sufficiency of the sureties, and if he does so except the sureties must justify as therein set forth. "The effect of a failure so to justify and procure an allowance is the same as if the undertaking had not been given." Section 1351 is contained in title 4, c. 12, and is entitled "Appeals to the Appellate Division of the Supreme Court." It reads: "An appeal * * * must be taken within thirty days after reverse * * * of a copy of the judgment or order appealed from. Security is not required to perfect the appeal; but except where it is otherwise specially prescribed by law, the appeal does not stay the execution of the judgment or order appealed from unless the court in or from which the appeal is taken, or a judge thereof, makes an order directing such stay. Such an order may be made, and may, from time to time, be modified upon such terms as to security or otherwise as justice requires. If security is given, either as a condition of granting the order, or as prescribed in the next section, the provisions of title second of this chapter apply thereto." * * * It will thus be seen that when, in an appeal to the Appellate Division from a judgment or order, if a stay of "the execution of the judgment or order appealed from" is procured and "security is given, * * * the provisions of title second of this chapter apply thereto." The security must be by way of an undertaking, subject to an exception to the sufficiency of the sureties, and if they fail to justify the undertaking becomes null and void and the sureties relieved from liability. Manning v. Gould, 90 N. Y. 476, 480; Hoffman v. Smith, 34 Hun, 485–487; Ginsburg v. Kuntz, 60 Hun, 504, 15 N. Y. Supp. 237.

But a careful reading of section 1351 will show that it relates wholly to an undertaking or security given to "stay the execution of the judgment or order appealed from." The undertaking upon which this action is brought was not given to stay the execution of the order appealed from. It was required by the court to stay a judgment of foreclosure and sale, which judgment had not been appealed from, and from which no appeal was contemplated. The order appealed from was not stayed. The sections invoked have no reference to any security other than that given to stay the execution of the judgment or order appealed from. Section 1335 is, by the last clause of section 1351 quoted above, read into the latter section the same as though it were a part of it. They provide that "it is not necessary that the undertaking should be approved," but it is subject to exception to the sureties and the effect of a failure to justify. The justice who granted the stay of the sale under the judgment which was not appealed from provided that the undertaking to effect the stay must be approved, thereby recognizing that it was not the undertaking required by section 1351, that it was not an undertaking specially prescribed by the Code, but it was one specially prescribed by the court to meet the exigencies of the case—a case where the appellant was asking for the postponement of a sale under a judgment from which no appeal had been taken, for the purpose of getting a decision, before the sale, of an appeal from an order, the execution of which was not stayed.

My conclusion is that the plaintiff's demurrer must be sustained.

Henry C. Henderson, for appellants Holdridge and White.

Davies, Stone & Auerbach (Charles E. Hotchkiss, of counsel), for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, on the opinion of Gladding, J., at Special Term.